IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**STATE FARM FIRE AND CASUALTY COMPANY**,

        Plaintiff,

  v.

**PATRIC WARNER and NATIONSTAR MORTGAGE, LLC, dba MR. COOPER**

        Defendants.

Case No. 6:21-cv-01273-MC

**OPINION AND ORDER**

MCSHANE, Judge:

    Defendants Patric Warner and Nationstar Mortgage, LLC cross-move for summary judgment to determine who is entitled to insurance proceeds interplead by State Farm Fire and Casualty Company. Nationstar serviced Warner's home loan and was the first mortgagee on his homeowners Insurance Policy insured by State Farm. Compl. ¶¶ 7-8. In May 2019, a fire destroyed Warner's home. Compl. ¶ 6. In December 2020, when State Farm had yet to grant or deny coverage, Warner filed an action against State Farm in Oregon District Court.[1] Seven months later, in July 2021, Nationstar foreclosed on Warner's home and bought it at auction with a credit bid of $26,896.00.[2]

    In August 2021, State Farm settled Warner's claim related to the dwelling coverage for $75,000. Compl. ¶ 11. As the parties disagreed as to who was entitled to the settlement proceeds, State Farm filed this interpleader action so the Court could make that determination. Compl. ¶

---

[1] *Warner v. State Farm Fire and Cas. Co*., 1:20-cv-02112-AA (D. Or.).
[2] As of November 4, 2022, Warner's remaining balance on the home loan was $124,754.79. Def. Nationstar's Mot. Summ. J. Ex. 4, at 35, ECF No. 32-1.

1 – OPINION AND ORDER

11. Because Nationstar is not seeking a deficiency judgment, and because the Deed of Trust and Insurance Policy both assign insurance proceeds to Nationstar, Warner's Motion for Summary Judgment, ECF No. 31, is DENIED, and Nationstar's Motion for Summary Judgment, ECF No. 32, is GRANTED.

## STANDARDS

The Court must grant summary judgment if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue is "genuine" if a reasonable jury could return a verdict for the non-moving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome. *Id.* The Court reviews evidence and draws inferences in the light most favorable to the non-moving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)). When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (quoting Fed. R. Civ. P. 56(e)).

## DISSCUSION

### I.    The Insurance Policy

Warner argues that Nationstar forfeited its rights under the Insurance Policy because it did not make a claim related to the fire loss nor sue State Farm within the Policy's two-year limitations period. Def. Warner's Mot. Summ. J. 9–10. The Policy, however, does not require a mortgagee to file a claim or bring an action to enforce its rights under the Policy. Instead, the Policy states, "[i]f a mortgagee is named in this policy, any loss payable under Coverage A shall

be paid to the mortgagee and you, as interests appear."[3] Def. Warner's Mot. Summ. J. Ex. 3, at 20, ECF No. 31-3. Warner concedes the $75,000 in question consists of "Coverage A-Dwelling proceeds" that State Farm paid to settle Warner's claims under the Policy. Taylor Decl. ¶¶ 6-9; ECF No. 31-2. As Nationstar is the mortgagee on the Policy, it is entitled to the interplead proceeds based on the Policy's plain language assigning to the mortgagee any Coverage A insurance proceeds. *See* Def. Warner's Mot. Summ. J. Ex. 3, at 20, ECF No. 31-3 ("If a mortgagee is named in this policy, *any loss payable under Coverage A shall be paid to the mortgagee*[.]") (emphasis added).

## II.   The Deed of Trust and ORS § 86.797

Warner next argues that Nationstar is not entitled to the insurance proceeds because it (1) terminated all rights and duties under the Trust Deed after it foreclosed on his home in July 2021, (2) extinguished Warner's remaining debt through the July 2021 foreclosure, and (3) is attempting to collect a deficiency judgment in violation of Oregon law. Def. Warner's Mot. Summ. J. 10–11; Def. Warner's Reply 3, ECF No. 39. These arguments are meritless.

First, Warner argues that Nationstar's rights as mortgagee under the Trust Deed were terminated upon foreclosure. Def. Warner's Mot. Summ. J. 11. The plain language in the Trust Deed, however, fails to support that argument. The Trust Deed states:

> [A]ny insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and the Lender's security interest is not lessened. . . . If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to the Borrower. . . . *[I]f Lender acquires the property under Section 22 [detailing the Trust Deed's provisions for allowing non-judicial foreclosure sale] or otherwise, Borrower*

---

[3] "Coverage A" refers to the insurance coverage on Warner's dwelling, which was damaged in the fire. Def. Warner's Mot. Summ. J. Ex. 1, at 9.

> *hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument . . . .*

Def. Nationstar's Mot. Summ. J. 14 (emphasis added).

The plain language of the Trust Deed reveals that Warner assigned any insurance proceeds to Nationstar, up to the remaining debt, in the event of a foreclosure.

Second, Warner argues that Nationwide extinguished his duties under the Trust Deed when it foreclosed on the Trust Deed. Def. Warner's Mot. Summ. J. 11. Under Oregon law, however, foreclosure only extinguishes a mortgagor's property interest in the foreclosed property. ORS § 86.797(1) (noting that in the event of a foreclosure, "the trustee's sale forecloses and terminates *the interest in the property* that belongs to a person" who had notice of the sale) (emphasis added). There is no language in § 86.797 that suggests foreclosure terminates a mortgagor's duties under a Trust Deed to assign any rights to insurance proceeds to the mortgagee. *See* ORS § 86.797. Additionally, as noted above, the Trust Deed specifically provides that in the event of a trustee's sale—like the one Nationstar completed in July 2021—Warner assigns any insurance rights, up to the amount outstanding on the loan, to Nationstar.[4] Def. Nationstar's Mot. Summ. J. 14.

Third, Warner argues that the foreclosure terminated his remaining mortgage debt. Def. Warner's Reply 2. In support, Warner cites two New York state cases. *Id.* at 4–5. New York cases dealing with New York foreclosure law are not binding on this Court interpreting Oregon law. More importantly, New York's statute on deficiency judgments explicitly states that, absent certain procedures that are not available in Oregon foreclosures, any remaining mortgage debt is "deemed to be in full satisfaction" after a foreclosure sale. N.Y. PROP. ACTS. LAW § 1371(3). In

---

[4] As noted above, Warner owes more than $75,000 on the loan.

4 – OPINION AND ORDER

contrast, as noted above, Oregon's corresponding statute merely states that "the trustee's sale forecloses and terminates *the interest in the property that belongs to a person to which notice of the sale was given*[.]" ORS § 86.797(1) (emphasis added).

In contrast to New York, California has a statute similar to ORS § 86.797. Although Oregon's § 86.797 and California's § 580b both bar deficiency judgements after foreclosure, both statutes are silent as to what happens to the remaining debt after foreclosure. A California district court concluded that § 580b does not erase debt remaining after foreclosure; it merely prohibits the creditor from seeking a deficiency judgment to collect the debt. *Herrera v. LCS Fin. Servs. Corp.*, No. 09-02843, 2009 WL 2912517, at \*\*7-8 (N.D. Cal. Sept. 9, 2009). Turning first to § 580b's plain meaning, the Court noted:

> By its plain language, the statute removes the mortgagee's recourse to the courts by barring it from seeking a personal judgment against the mortgagor. The statute says nothing about the consequences of that bar or the ultimate status of the debt. Had it sought to extinguish the debt entirely, the California legislature could have said as much; by the explicit terms of the statute, section 580b only bars deficiency judgments.

*Id.* at \*4.

After discussing multiple California Appellate Court opinions discussing § 580b, the Court concluded the statute, "by its own terms, eliminates a creditor's ability to seek a deficiency judgment, *but it does not eliminate the underlying debt*." *Id.* at \*8 (emphasis added) (discussing cases). Similarly, an Oregon district court interpreting § 86.797(2) in the context of credit reporting found that the debt that remains after a foreclosure is "not discharged [but] nonetheless uncollectable." *McDonald v. OnPoint Cmty. Credit Union*, No. 16-01649, 2018 WL 2306681, at \*5 n.4 (D. Or. Feb. 8, 2018) (report and recommendation) (case settled before district court ruled on report and recommendation). Based on this analysis, as well as the plain language of the statute, this Court finds that Nationstar foreclosing on the Trust Deed did not extinguish

5 – OPINION AND ORDER

Warner's remaining debt. Instead, as discussed above, the foreclosure terminated Warner's interest in the property and precluded Nationstar from bringing "an action for a deficiency" against Warner. Additionally, the Court notes that if Warner's argument was correct (i.e., if the foreclosure "extinguished" the debt), there would be little need for § 86.797(2) in the first place. Stated differently, if the foreclosure extinguished the debt, there would be no deficiency to collect following the trustee's sale.

Finally (and relatedly), Warner argues that Nationstar is attempting to collect a deficiency judgment in violation of ORS § 86.797(2). Def. Warner's Mot. Summ. J. 10. In Oregon, a mortgagee is precluded from bringing "an action for a deficiency . . . after a trustee's sale[.]". ORS § 86.797(2). But Nationstar is not bringing an action for a deficiency against Warner. Instead, Nationstar asks the Court to enforce the language of the Trust Deed and Insurance Policy entitling it to Coverage A losses State Farm agreed to pay out under the Policy. Def. Nationstar's Mot. Summ. J. 7. As no statute prevents Nationstar from enforcing its rights under the Policy and Trust Deed to any Coverage A loss proceeds, it is entitled to the interpleaded funds.

## CONCLUSION

Warner's Motion for Summary Judgment, ECF No. 31, is DENIED, and Nationstar's Motion for Summary Judgment, ECF No. 32, is GRANTED.

IT IS SO ORDERED.

DATED this 23rd day of February, 2023.

                                                                 /s/ Michael J. McShane
                                                                   Michael McShane
                                                          United States District Judge